996 F.2d 1225
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Raymond W. KIDWELL, Plaintiff-Appellant,
v.
Buck BUCHANAN, et al., Defendants-Appellees.
 No. 93-15056.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 21, 1993.*
Decided June 29, 1993.
 
 Before: CANBY, FERNANDEZ, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Raymond W. Kidwell, an Arizona state prisoner, appeals pro se the district court's summary judgment in favor of the defendants, Yavapai County Jail officials, in his 42 U.S.C. § 1983 action. We review the district court's grant of summary judgment de novo, Taylor v. List, 880 F.2d 1040, 1044 (9th Cir.1989), and affirm.
 
 
 3
 Kidwell contends that when he was a pre-trial detainee at the Yavapai County Jail, the defendants subjected him to cruel and unusual punishment by placing him in administrative segregation on May 13, 1991. This contention lacks merit.
 
 
 4
 A grant of summary judgment should be affirmed only if the evidence, read in the light most favorable to the nonmoving party, demonstrates that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Id. There is no genuine issue of fact if, on the record taken as a whole, a rational trier of fact could not find in favor of the party opposing the motion. Id. at 1045. However, conclusory allegations unsupported by factual data are insufficient to defeat a summary judgment motion. Id.
 
 
 5
 A pre-trial detainee's § 1983 claim arises under the due process clause of the Fourteenth Amendment rather than the Eighth Amendment prohibition against cruel and unusual punishment. See Bell v. Wolfish, 441 U.S. 520, 535 n. 16 (1979); Redman v. County of San Diego, 942 F.2d 1435, 1440 & n. 7 (1991), cert. denied, 112 S.Ct. 972 (1992). Nevertheless, a pre-trial detainee's due process rights are at least as great as the Eighth Amendment protections available to convicted prisoners. Maddox v. Los Angeles, 792 F.2d 1408, 1414 (9th Cir.1986). An institution satisfies its Eighth Amendment obligations if it provides adequate food, clothing, shelter, sanitation, medical care, and personal safety. See Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir.1982).
 
 
 6
 Here, Kidwell was placed in administrative segregation for 24 hours, after jail officials found that he had damaged the smoke detector in his cell by throwing water from his sink onto it. The water in the cell he was moved to was turned off from approximately 7:40 p.m. until the next morning to prevent Kidwell from causing further damage. Kidwell complains that he was deprived of drinking water, and was unable to flush his toilet during this time.
 
 
 7
 The evidence presented shows that the defendants moved Kidwell for safety reasons, and to prevent further damage. This temporary restriction of amenities was not cruel and unusual punishment, especially given that turning off the water was related specifically to Kidwell's misconduct. See id. (the Eighth Amendment does not require that inmates be provided with all amenities or that inmates be comfortable). Further, Kidwell was allowed to leave his cell to purchase items from the commissary. The defendants' action comported with the Eighth Amendment because it was not "so totally without penological justification that it result[ed] in the gratuitous infliction of suffering." See Gregg v. Georgia, 428 U.S. 153, 183 (1976).[1]
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Kidwell's contention that the district court abused its discretion by denying him leave to amend his complaint also lacks merit. Kidwell filed a request to amend his complaint because he allegedly had been without access to a library. Kidwell did not suggest how he would amend his complaint. The district court denied the request without prejudice. Justice did not require that Kidwell be given leave to amend. See Fed.R.Civ.P. 15(a) (after responsive pleading has been filed, leave to amend should be given when justice so requires). At the time that Kidwell requested leave to amend, responsive pleadings and a motion for summary judgment had already been filed. Kidwell's request to amend his complaint was denied without prejudice, and could have been renewed at any time. Further, it was only after Kidwell admittedly had access to a library that he filed his opposition to the defendants' motion for summary judgment. He had a pending action in the district court alleging denial of access to the courts at the time. Therefore, the district court did not abuse its discretion by denying Kidwell leave to amend his complaint. See Texaco v. Ponsoldt, 939 F.2d 794, 798 (9th Cir.1991); Fed.R.Civ.P. 15(a)